UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARISSA HICKEL,**

    **Plaintiff,**

vs.                                                                           Case No.: 8:11-CV-2861-T-24EAJ

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's **Motion for Award of Attorney Fees and Costs Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412** (Dkt. 24), Plaintiff's **Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412** (Dkt. 26), and **Defendant's Response to Plaintiff's Motion[s] for Attorney's Fees** (Dkt. 28).[1] Plaintiff Carissa Hickel ("Plaintiff") requests an award of $3,160.00 in attorney's fees for attorney Sharon M. Barrett, $2,368.00 in attorney's fees for attorney Roger W. Plata, and $805.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Plaintiff filed her complaint on December 29, 2011. (Dkt. 1)  On January 15, 2013, the District Judge adopted the Magistrate Judge's report and recommendation affirming the decision of the Commissioner.  Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit (Dkt. 17), and the decision was affirmed in part, reversed in part, and remanded to the Commissioner (Dkt. 19).  On January 6, 2014, the Court entered judgment in favor of Plaintiff. (Dkt. 23)

---

[1] The district judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

Plaintiff seeks attorney's fees for 19.75 hours of work in 2011, 2012, and 2013 at an hourly rate of $160.00[2] for attorney Sharon M. Barrett.[3] The fees total $3,160.00. Plaintiff seeks costs of $350.00 for the district court filing fee. (Dkt. 24)

Additionally, Plaintiff seeks attorney's fees for 14.8 hours of work in 2013 at an hourly rate of $160.00[4] for attorney Roger W. Plata.[5] The fees total $2,368.00. Plaintiff seeks costs of $455.00 for the appellate court filing fee. (Dkt. 26)

Defendant does not oppose the award of fees and costs, but requests that the award of EAJA fees be payable to Plaintiff, not her attorneys. (Dkt. 28)

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The court's order remanding this case to the Commissioner for further proceedings entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 296, 302-03 (1993) ("[T]he exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g) . . . ."). In this case, the Government's position was not substantially justified.

---

[2] Counsel states that $160.00 is her regular hourly rate. (Dkt. 25 ¶ 8) This amount is reasonable in light of Consumer Price Index Inflation Calculator ("CPIIC"). See 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee.").

[3] Ms. Barrett represented Plaintiff for the proceedings before the district court.

[4] Counsel states that $160.00 is his regular hourly rate. (Dkt. 27 ¶ 7) This amount is also reasonable in light of the CPIIC.

[5] Mr. Plata represented Plaintiff for the proceedings before the appellate court.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). In sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on February 11, 2014, and Plaintiff's motions for attorneys' fees were filed on May 12, 2014. Accordingly, the Court has jurisdiction to award the requested fees. See Myers v. Sullivan, 916 F.2d 659, 679 n.20 (11th Cir. 1990). Moreover, as the hourly rate and number of hours are not in dispute, the Court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. It is therefore recommended that Plaintiff's request for attorneys' fees be granted.

Finally, Plaintiff requests that the fee award be paid directly to Plaintiff's attorneys. The United States Supreme Court has held that EAJA fee awards belong to the party, not the party's attorney. Astrue v. Ratliff, 560 U.S. 586, 597 (2010). However, in this case, Plaintiff has assigned the EAJA award to her attorneys. (Dkt. 24 Ex. 1; Dkt. 26 Ex. 1)  Defendant does not oppose the assignment or otherwise oppose the payment of the fee award directly to Plaintiff's counsel in this case so long as Plaintiff does not owe a debt to the federal government. Therefore, the award is payable directly to Plaintiff's counsel if Plaintiff does not owe a debt to the federal government;

otherwise, the award is payable directly to Plaintiff.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Motion For Award of Attorney's Fees Pursuant to the Equal Access To Justice Act 28 U.S.C. Section 2412 (Dkt. 23) be **GRANTED**; and

(2) Plaintiff be awarded $5,528.00 in attorney's fees and $805.00 in costs made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, Plaintiff's assignment of EAJA fees will be recognized and the fees shall be paid directly to Plaintiff's counsel. Because Plaintiff was represented by counsel from different law firms, $3,510.00 should be paid to Sharon M. Barrett, Esq., and $2,823.00 should be paid to Roger W. Plata, Esq.

**DONE AND ORDERED** in Tampa, Florida this 23rd day of May, 2014.

_____
ELIZABETH A JENKINS
United States Magistrate Judge